## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| 2707 Martin Luther King Jr. Avenue SE | ) | |
| Mailstop 0485 | ) | |
| Washington, DC 20528-0485 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.       Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what

their government is up to."

4.      Defendant U.S. Department of Homeland Security is an agency of the United

States Government and is headquartered at 2707 Martin Luther King Jr. Avenue SE, Mailstop

0485, Washington, DC 20528-0485.

## STATEMENT OF FACTS

5.      On November 18, 2025, Plaintiff sent a FOIA request to United States

Immigration and Customs Enforcement (ICE), a component of Defendant, seeking access to the

following public records:

> 1.  All audio recordings or video footage of the May 2025
>     incident at the Delaney Hall Detention Center in New Jersey
>     during which public officials and other protesters attempted to
>     enter the facility illegally. For purposes of clarification, please
>     see: https://www.dhs.gov/news/2025/05/09/members-
>     congress-break-delaney-hall-detention-center
>
> 2.  All records of communication between any official or
>     employee of U.S. Immigration and Customs Enforcement and
>     any official or employee of any federal branch, department, or
>     agency regarding the incident described in part one of this
>     request.

The time frame of the request was identified as May 1, 2025, to present.

6.      By email dated May 14, 2025, Defendant asserted part two of the request was

overly broad and requested Plaintiff identify specific agencies, position/titles, or individuals for

the search.

7.      By email dated June 12, 2025, Plaintiff responded to Defendant's request for

clarification by narrowing the scope to include only the following ICE officials:

2

Director Todd Lyons
Deputy Director Madison Sheahan
Chief of Staff Jon Feere
The ICE official in charge of the Newark Field Office, and
The ICE official in charge of the Delaney Hall Detention Facility

8. By email dated June 30, 2025, Defendant acknowledged receipt of the request on May 12, 2025, and advised Plaintiff that the request had been assigned ICE FOIA Case Number 2025-ICFO-36551.

9. By letter dated July 15, 2025, Defendant advised Plaintiff the request was denied in its entirety pursuant to FOIA Exemption (b)(7)(A).

10. By letter dated July 22, 2025, Plaintiff administratively appealed Defendant's determination.

11. By email dated July 22, 2025, Defendant acknowledged receipt of Plaintiff's appeal and advised Plaintiff that it had been assigned appeal number 2025-ICAP-00348.

12. By letter dated August 18, 2025, Defendant denied Plaintiff's appeal.

### COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

13. Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14. Defendant is in violation of FOIA.

15. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

16. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 5, 2026

Respectfully submitted,

JUDICIAL WATCH, INC.

*/s/  James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5175
Email: jpeterson@judicialwatch.org

*Attorneys for Plaintiff*

4